# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Tammy R. Chambers,**
**Claimant Below, Petitioner**

**v.)**    **No. 25-278**    (JCN: 2023022953)
(ICA No. 24-ICA-330)

**Trinity Healthcare Services, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy R. Chambers appeals the March 24, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Chambers v. Trinity Healthcare Services, Inc.,* No. 24-ICA-330, 2025 WL 899891 (W. Va. Ct. App. Mar. 24, 2025) (memorandum decision). Respondent Trinity Healthcare Services, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the July 26, 2024, order of the Workers' Compensation Board of Review which affirmed the June 20, 2023, claim administrator's order rejecting the claim.

On appeal, the claimant argues that the ICA was clearly wrong in affirming the Board of Review's decision because a preponderance of the evidence provided that the claimant sustained a steam burn injury in the course of and resulting from her employment. The claimant contends that none of the treating physicians of record noted any question as to the mechanism of injury, which aligns with the claimant's testimony as to her understanding of why the steam burn took time to develop and cause her symptoms. Thus, the claimant asserts that the Board of Review's decision was clearly wrong in light of the substantial evidence in the record as a whole and should have been reversed by the ICA. The employer counters by arguing that the claimant failed to sustain her burden of establishing that she suffered an occupational injury on May 10, 2023, or May 12, 2023, because the injury was not immediately reported. The employer also argues that the first mention of a work-related injury was two weeks after-the-fact when the claimant presented to the emergency room with extensive burns that were not present ten days prior. The employer argues that the claimant's failure to immediately report the injury and seek medical attention dilutes the reliability and credibility of the claim. As such, the employer argues that the ICA's memorandum decision should be affirmed.

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

1

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 16, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison